**Andrew HERNANDEZ, Petitioner—Appellant,**

v.

**Edward ALMEIDA, Jr., in his capacity as head of the California Department of Corrections, Respondent—Appellee.**

**No. 04–56212.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 5, 2005.*

Decided Oct. 28, 2005.

Tamara Holland, Esq., Fairfax, CA, for Petitioner–Appellant.

Michael J. Wise, Esq., Office of the California Attorney General, Los Angeles, CA, for Respondent–Appellee.

Before: T.G. NELSON, W. FLETCHER, and BEA, Circuit Judges.

### MEMORANDUM **

California state prisoner Andrew Hernandez appeals the district court's denial of his 28 U.S.C. § 2254 petition challenging his jury trial conviction for possession of cocaine and drug paraphernalia.   We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.

Because the parties are familiar with the procedure and facts of this case, we do not discuss them here.   Hernandez contends that the prosecutor's mis-characterization of a defense witnesses' testimony consti-

tuted prosecutorial misconduct. We disagree. Because a jury is presumed to follow a trial court's instruction and the weight of the evidence supports the jury's verdict, we cannot say that the prosecutor's misstatements so infected the trial with unfairness as to make the resulting conviction a denial of due process. *See Darden v. Wainwright,* 477 U.S. 168, 181, 106 S.Ct. 2464, 91 L.Ed.2d 144 (1986).

Hernandez also contends that his trial counsel was constitutionally ineffective for failing to object to the prosecutor's misstatements. For the same reasons we find no prosecutorial misconduct, we also find no prejudice. *See Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

This court granted Hernandez' motions to expand the certificate of appealability to include an 8th Amendment claim and to lodge relevant excerpts of the trial transcript. Hernandez asserts that his sentence of 25 years to life under California's "Three Strikes Law," Cal.Penal Code § 667(e)(2)(A), constituted "cruel and unusual punishment." We disagree because *this sentence is not contrary to or an* unreasonable application of the "gross disproportionality" principle enunciated in *Lockyer v. Andrade,* 538 U.S. 63, 123 S.Ct. 1166, 155 L.Ed.2d 144 (2003). Hernandez' three convictions that warranted imposition of his sentence, two first degree burglaries and cocaine possession, are more serious than the convictions in *Andrade* where the Supreme Court upheld a 50 years to life sentence. 538 U.S. at 77, 123 S.Ct. 1166.

AFFIRMED.

* This disposition is not appropriate for publication and may not be cited to or by the courts